ALFONSO BASILE vs. FRANK FREDERICK CONSTRUCTION CO., INC., & others.[1] June 7, 1984. *Trust,* Profit sharing.

This appeal from the Appellate Division of the District Courts concerns the rights of the plaintiff against a profit-sharing trust upon his discharge by his employer. He claims, under particular language of the trust instrument, that on discharge he was entitled to 100% of his share rather than only 40% of his share, as the District Court judge ruled and as the Appellate Division agreed on report to it. The employee, who had worked for his employer for about four and one-half years before his discharge, argues that the 40% limitation applies only when an employee voluntarily terminates his employment. He relies on the trust provision that "[i]f an employee . . . terminates his employment prior to his Normal Retirement date for reasons other than death or total and permanent disability, his interest in trust assets shall be determined to have vested as follows: *Years of Service . . .* 4 years but less than 5 years . . . *Percentage of Account* 40%." The problem with the employee's argument is that, if this language does not apply to an involuntarily terminated employee, there is no other provision providing participation for the employee and the profit sharing plan would fail in its obvious purpose to comply with the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (1976 & Supp. 1981), commonly known as ERISA. The lower courts properly construed the ERISA plan. The quoted language makes no distinction between an employee who voluntarily terminates his employment and one who does so involuntarily.

*Order dismissing report affirmed.*

*Anthony Serra* for the plaintiff.

*Jordan B. Hadgi (Robyn Glazer Milbury* with him) for the defendants.